UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| GARY LEE HALE<br>aka Chief Makwa, | )<br>)<br>) |
| Plaintiff, | ) Case No. 1:05-cv-738 |
| v. | ) Honorable Gordon J. Quist |
| JOHN RUBITSCHUN et al., | )<br>) |
| Defendants. | ) |

# **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court denied Plaintiff leave to proceed *in forma pauperis* because he has three strikes within the meaning of 28 U.S.C. 1915(g). Plaintiff has now paid the full civil action filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

    I.       Factual Allegations

Plaintiff pleaded guilty in the Kalamazoo County Circuit Court to first-degree criminal sexual conduct. On January 13, 1992, the trial court sentenced him to imprisonment of ten to forty years. Plaintiff has previous convictions for third-degree criminal sexual conduct and attempted sodomy. Plaintiff's action concerns the denial of his parole. The Michigan Parole Board has denied him parole three times, most recently on July 27, 2005. In denying him parole, the parole board indicated that the crime involved a family member or acquaintance, involved a child victim, demonstrated pedophilic tendencies and violated a position of trust. The parole board further noted that Plaintiff has a history of sexual crimes, which show his potential for committing further assaultive crimes. Petitioner's criminal history also includes drug/alcohol–related crimes. In addition, Petitioner has a history of probation failure and had committed the sexual assault in question while on probation.

In his *pro se* complaint, Plaintiff sues Michigan Parole Board Chairman John Rubitschun; parole board members James Quinlan and Enid Livingston; and parole board manager David Kleinhardt.[1] Plaintiff asserts violation of his due process and equal protection rights. Plaintiff contends that the parole board relied upon inaccurate information in denying him parole. He also disputes the parole board's reasons for denying him parole. Plaintiff, who is an official tribal elder member of the Little River Band of Ottawa Indians of Manistee, further claims that the parole board

---

[1] Defendant Kleinhardt was not named as a defendant in the original complaint. Plaintiff filed a motion to amend the complaint to add Kleinhardt as a defendant (docket #7). A party is free to amend his complaint once as matter of course before a responsive pleading is filed. FED. R. CIV. P. 15(a). Accordingly, the Court will grant Plaintiff's motion.

discriminated against him because he is Native American. Plaintiff alleges that during his parole interview, Defendant Quinlan expressed a "belief that all Native American Indians are all drunks from Alcohol and Substance Abuse" by asking Plaintiff if he "had been Drinking or Drunk during his Sexual Assault on this young Girl . . ." (Compl., 3.) Plaintiff seeks injunctive relief, including a new parole hearing and release on parole.

## II.    Failure to State a Claim[2]

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

---

[2] A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). The Supreme Court has held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997). However, in *Wilkinson v. Dotson*, 125 S. Ct. 1242, 1247 (2005), the Supreme Court clarified that §1983 remains available to a state prisoner for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner. Because Plaintiff seeks release on parole, his action appears to be *Heck*-barred. Nevertheless, the Court will consider the merits of his claims.

### A.  Due Process

Plaintiff claims that he was denied parole in violation of his due process rights. Plaintiff, however, has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so, and thus, the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release. *Id.* at 7; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (*en banc*), the Sixth Circuit, noting "the broad powers of the Michigan procedural authorities to deny parole," held that the Michigan system does not create a liberty interest in parole. Subsequent to its 1994 decision, the Sixth Circuit has recognized the continuing validity of *Sweeton* and has continued to find that Michigan's parole scheme creates no liberty interest in being released on parole. *See Ward v. Stegall*, No. 03-1804, 2004 WL 614581 (6th Cir. March 24, 2004); *Martin v. Ohio Adult Parole Auth.*, No. 03-3642, 2003 WL 22976604, at *1 (6th Cir. Dec. 8, 2003); *Bullock v. McGinnis*, No. 00-1591, 2001 WL 180978, at *2 (6th Cir. Feb. 14, 2001); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *1 (6th Cir. Nov. 1, 2000); *Hawkins v. Abramajtys*, No. 99-1995, 2000 WL 1434695, at *2 (6th Cir. Sept. 19, 2000); *Irvin v. Michigan Parole Bd.*, No. 99-1817, 2000 WL 800029, at *2 (6th Cir. June 14, 2000); *Clifton v. Gach*, No. 98-2239, 1999 WL 1253069, at *1 (6th Cir. Dec. 17, 1999).

Also, in unpublished decisions, the Sixth Circuit has held that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole. *See Fifer v. Michigan Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993); *Janiskee v. Michigan Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991); *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. Apr. 10, 1990). Finally, the Michigan Supreme Court has recognized that there is no liberty interest in parole under the Michigan system. *Glover v. Michigan Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999). Because Plaintiff has no liberty interest at stake, he fails to state a claim for a violation of his procedural due process rights.

B.    **Equal Protection**

Plaintiff also claims that the parole board discriminated against him because he is Native American in violation of his equal protection rights. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. CONST., amend. XIV; *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). In order to state an equal protection claim, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of his or her membership in a protected class. *See Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990). In support of his claim, Plaintiff repeatedly alleges in his complaint that Defendant Quinlan believes "all Native

American People are all drunks from Alcohol and Substance Abuse" and that this was evidenced by Quinlin asking Plaintiff at the parole hearing if he "had been Drinking or Drunk during his Sexual Assault on this young Girl . . ." (*see, e.g.,* Compl., 3.)  Of course, this question could have arisen as easily from Plaintiff's history of drug and alcohol related crimes, and the answer might have provided a rationale for this crime of first degree criminal sexual conduct against a child to which Plaintiff had admitted guilt. Quinlan's alleged statement falls far short of demonstrating that Defendants intentionally discriminated against him based on his race. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000).  The parole board is permitted to consider a broad range of factors in making a parole determination, including a prisoner's history or drug and alcohol use. Accordingly, Plaintiff fails to state an equal protection claim.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. § 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is

barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: March 27, 2006              /s/ Gordon J. Quist
                                              GORDON J. QUIST
                                      UNITED STATES DISTRICT JUDGE